### DAVID LINTON *v*. THOMAS HOUSH.

*Error from Linn County.*

Ground for a new trial, as "that the verdict was returned in the absence of plaintiff, and his attorney," appearing in the notice of motion, and not otherwise in the record, even if a ground known to the law, cannot be considered by the Supreme Court.

The presumption, in the absence of anything in the record, is, that the court below discharged its duty, in charging the jury before they were allowed to separate.

Where a party, in negotiating a sale, refers to a third person as fit to give information as to the subject matter, such party is in general bound by the representations of the third person [4 Wend., 336], this, not on grounds of agency, but by adoption of the representations. But, without some declaration in the reference covering previous representations, the party purchasing, trusts to representations made by the third person, before the reference, at his peril, and *held* not error for the court below to refuse to admit in evidence such previous representations, no declaration in the reference covering them, appearing.

A judgment for plaintiff for a sum certain, "and costs of suit taxed at $——," *held* regular, and it being in blank, not a judgment in favor of plaintiff for more than his costs.

*Semble,* when costs are improperly taxed, the remedy is by motion.

Housh brought his action in the district court against Linton, on a promissory note. An answer was filed by Linton, admitting the execution of the note, but setting forth that the note was given on a contract for corn purchased by Linton, of Housh, in which contract Housh made divers fraudulent warranties and representations, to the damage of Linton, and whereby the note was without consideration.

The record relative to the representations made as to the corn, is as follows : "The defendant, to maintain the issues on his part, having offered evidence tending to show that pending negotiations for the sale of the corn in defendant's answer mentioned, the plaintiff referred to one Sampson Babb, as a person who could give defendant full information as to the quantity, quality, and the manner in which the same was cribbed ; and defendant having given evidence as to what said Babb said touching said corn, after the time of said reference, then offered to prove what said Babb

had told defendant a day or two prior to the time of said reference."

The evidence was ruled out by the court, and exceptions to the ruling preserved.

The facts of the case, relative to other alleged errors, appear in the subjoined opinion.

*D. Linton*, in person, for himself.

*Thompson & Wagstaff*, for defendant in error.

*Linton* contended :

Had the misrepresentations complained of been made by the vendor himself, prior to the sale, they would have been admissible. What the vendor could do himself, he could do by agent, and what the agent did within the scope of his authority, would bind his principal. (1 *Phil. Ev.*, 384; 18 *Johns.*, 337; 4 *Wend.*, 334; 3 *Phil. Ev.*, 180–1; *Story on Agency*, § 139.) The material consideration is, whether the statement would necessarily operate on the purchaser, as an inducement. *Story Agency*, § 137.

The scope of the agency was to give information relative to the corn under negotiation. It would be idle, after the reference, to have asked the person to whom a purchaser was referred for information, to repeat what he had already imparted. By the reference, the vendor adopted what had already been said on the subject.

An adoption of the agency in part, adopts it *in toto*. 1 *Pars. Contr.*, 46, 47, *note* "*w*."

Misrepresentation need not be made by the party whom it benefits, to constitute fraud, but may be by

adoption, as where a seller knows false statements have been made. 2 *Pars. Contr.*, 277, *notes* "*m*," "*a*;" *Hoveden on Frauds*, 190, 194.

How is knowledge of a false statement having been made, to be brought home to the vendor, unless evidence of the statement is admissible?

The allegation of fraud presupposes an effort to preserve the appearance of honesty. It is difficult to unravel a fraudulent web, and great latitude in the admission of evidence is justly allowable. (*Wright's R.*, 551.) Fraud is usually established by circumstances. (3 *Phil. Ev.*, 301.) There is no screen for fraud in law, unless this case presents one in the ruling of the court below.

"Costs shall be allowed of course, to the plaintiff, upon a judgment in his favor" (*Civ. Code*, § 563), that is, the plaintiff's costs only—not the costs of the failing party. The judgment is erroneous in being for all the costs taxable in the case. *Wright's O. S. C. R.*, 121, 692; 5 *O.*, 276.

The parties have a right to have the jury polled. (*Civ. Code*, § 284.) To do this, they have a right to be present when they render their verdict. It was error to receive the verdict in absence of the defendant.

*Thompson & Wagstaff*, for defendant in error, submitted:

Grounds for a new trial, appearing in a motion for a new trial—unless the record presents the grounds otherwise than in the motion, do not appear of record as to be considered. In such case there is no legitimate evidence of the ground appearing.

That the verdict is against the evidence, cannot appear, unless the record contains the evidence.

An agent is one who acts in the place and stead of another. The act of the agent, is that of his principal. The authority in all cases should precede the act, or a subsequent ratification must appear. The evidence of what Babb said to Linton, prior to the reference to him by Housh, as one who could give information relative to the corn, was properly rejected. 2 *Grenl. Ev.*, *p.* 54, § 59.

*By the Court*, KINGMAN, C. J.

Four errors are assigned in this case, which we shall notice in their order.

1. That the verdict was returned in the absence of the plaintiff and his attorney, and in the recess of the court for dinner. There is no evidence of this in the record. The only place where it is mentioned is in the motion for a new trial. That is not evidence of the fact; it is only evidence that the motion was made, and the grounds which the party alleges existed why a new trial should be granted. It is no more evidence of the fact that the verdict was so received, than it is that the verdict was against the evidence.

2. The jury were allowed to separate, during the trial, without being first charged by the court. On this matter the record is silent, and the presumption is that the court discharged its duty in the premises.

3. The plaintiff in error was sued on a note. His defense, so far as the case here is concerned, was the fraudulent representations of the defendant in error in the sale of a lot of corn, as to the market value, quantity, quality, and the manner in which it was cribbed.

The record shows that, pending the negotiations for a sale of the corn, the seller referred the buyer to a third party as one who would give full information about the corn, and that the court below permitted evidence to be given to the jury of what was said to the buyer by such third party, after such reference, but refused to permit the buyer to prove the representations made prior to such reference.

This refusal to admit the representations made by this third party, before any reference is made to him, is complained of as error. The representations made by a third party, to whom reference is made for information on a particular subject, are generally evidence against the party making such reference. (4 *Wend.*, 336.) This is not to be understood as making the third party the agent; but such reference being made for information, the representations made are to be deemed the representations of the party himself, and ought to bind the person making them only, when made after the reference, unless there be in the reference itself, some declaration covering previous representation.

A person may be very willing to abide by the representations made by a man who is thoroughly informed to-day, but would be wholly averse to bind himself by what the third party might have said yesterday, when ignorant or only partially informed of the facts. It is only from the time the reference is made that the party making the reference trusts the person referred to. Any trust reposed in those representations, made before the reference, is a trust reposed by the person seeking information. And if the information is incorrect, the person acts upon it at his peril.

The rule may, in this case, work hardly. It is the misfortune of all human things to be imperfect; and

we have often had occasion to observe that the application of old rules of law, to particular cases, often results in very great hardships. Still, all we have to do is to declare the law. Were we to settle the rule the other way in this case, it would open the door to the greatest injustice and oppression. It would, in many cases, bind a man by the statement of an ill-informed person, when his reference was only to one well informed. Break down the rule as we have stated it, and statements made years before, and forgotten, might be raised up to confront a man who had recently referred to the third party for information, knowing him to be well informed on the subject. We are aware that there is no such danger in this case; but we deal with rules, not with each case as it arises.

4. The fourth error assigned, is error in the judgment. The judgment is for $347.25, and costs of suit, taxed at $——. The error claimed is that, by the judgment, all the costs of the suit are awarded to the plaintiff, while he is entitled to receive only his own costs. It is admitted that the plaintiff recovers only his own costs, and that is all he gets under the law. The judgment for costs is in blank. When they are taxed, each officer and witness receives his own, and the plaintiff, who is responsible for such costs till they are made out of the defendant, is entitled to judgment therefor. When the costs are taxed, if any that are properly the costs of the defendant are awarded to the plaintiff, then the matter should, and undoubtedly would be, corrected by the court on motion.

The decision of the court below is affirmed.

All the justices concurring.