Thomas Shanks *et al.* v. Jacob Pearson, *etc.*

No. 13,739.    (78 Pac. 446.)

SYLLABUS BY THE COURT.

1. Practice, Supreme Court—*Interlocutory Orders—Statute Construed.* The provisions of section 5053, General Statutes of 1901, have application only to proceedings to reverse interlocutory orders discharging, or modifying, an attachment or temporary injunction.

2. Practice, District Court—*Jury in Equity Case—Instructions.* In an equitable suit, where the court takes the advice of a jury

on questions of fact, it is not error to refuse to instruct on questions of law applicable to some portion or phase of the case but inapplicable to any question submitted to the jury.

Error from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed November 5, 1904. Affirmed.

*Burnham & Dashiell*, and *Clark A. Smith*, for plaintiffs in error.

*Pulsifer & Smith, P. B. Pulsifer*, and *Levi Cooper*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : This suit was brought to enjoin the road-overseer of road district No. 1, Logan township, Mitchell county, from opening a ditch on the road in front of plaintiffs' premises. On the trial of the merits the temporary injunction was dissolved. The plaintiffs prosecute error.

The defendant in error challenges the jurisdiction of this court on the ground that the proceeding in error was not commenced within thirty days after the final judgment dissolving the temporary injunction. General pleadings were filed by both parties, the cause tried on its merits, and judgment rendered dissolving the temporary injunction, and for costs. It is contended that this court cannot acquire jurisdiction to reverse a judgment vacating an injunction, unless the proceeding be instituted in this court within thirty days from the date of the rendition of such judgment, as provided in section 5053, General Statutes of 1901. The provisions of that section have application only to proceedings to reverse interlocutory orders dissolving injunctions. They have no appli-

cation to proceedings in error to reverse a final judgment in an injunction suit.

This is the second time this cause has been before this court. The present plaintiffs prosecuted error from a judgment of the district court, which was reversed and the cause remanded. (*Shanks v. Pearson*, 66 Kan. 168, 71 Pac. 252.)

It appears that on the final trial a general judgment was rendered for the defendant, and for all costs except those of the first trial, including the costs of the proceeding in error, which were taxed to the defendant and a judgment rendered against him therefor. Prior to instituting the present proceeding the plaintiffs caused an execution to issue on the judgment against the defendant for such costs, which were collected and paid into court. A second ground for dismissal urged by defendant is that the plaintiffs, having accepted the benefits of that portion of the judgment which was in their favor, cannot now be heard to complain of that portion which was against them. One cannot accept the benefits of a part of an entire judgment, and complain of another part. However, this rule has no application where the judgment is separable and each part independent of the other, and the reversal of one part does not affect the other. (*Inverarity v. Stowell et al.*, 10 Ore. 261; *Farmers' L. & T. Co. v. Bankers' etc. Tel. Co.*, 109 N. Y. 342 16 N. E. 539.) The judgments in this case are separate and independent. They are not so closely connected and mutually dependent that the reversal of one would necessarily require a reversal of the other. Indeed, it would be hard to conceive of the existence of such a condition where judgments are for costs only. The motion is overruled.

There are numerous assignments of error, but they

possess little merit. Neither party was entitled to a jury. The court impaneled a jury and submitted to them certain questions of fact. Error is predicated on the refusal of the court to submit other questions requested. Whether the advice of a jury should have been taken on any question, and if so, upon what question, was a matter entirely within the discretion of the court. In *Woodman v. Davis*, 32 Kan. 344, 347, 4 Pac. 262, 264, it was said :

"The first four causes of action were in equity, and in such a case the court has the power, without giving any reason therefor, to send any portion of the issues which it chooses to the jury to be tried, and to require the jury to make a separate finding upon each of the issues ; and the court may try all the issues in the case itself."

If a party to such an action desire a finding on any particular question, he should submit the same to the court and request a finding thereon. Where the court takes the advice of a jury on particular questions of fact, it is not error to refuse to instruct on general principles of law applicable to the case, if inapplicable to the special questions submitted to the jury In the present case the court fully instructed the jury on all questions of fact submitted to them.

Numerous errors are assigned because of the exclusion of evidence. It appears that for a time the court excluded all evidence along a certain line offered by the plaintiffs ; later, however, it changed the rule and all the material evidence theretofore excluded was admitted.

No substantial error being found in any of the assignments, the judgment is affirmed.

All the Justices concurring.