## POPE MFG. CO. v. ARNOLD, SCHWINN & CO.

(Circuit Court of Appeals, Seventh Circuit. April 21, 1913.)

PROHIBITION (§ 11*)—NATURE AND SCOPE OF REMEDY—CORRECTION OF ERRORS.
An alleged error in the taxation of costs in a suit in which the court had jurisdiction of the subject-matter and the parties cannot be reviewed by a petition for a writ of prohibition, which is a collateral attack and can prevail only where the court was without jurisdiction to render the judgment or make the order complained of.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 36; Dec. Dig. § 11.*]

On motion for leave to file an original petition for a writ of prohibition and annul an order entered in the suit of the Pope Manufacturing Company against Arnold, Schwinn & Co. Denied.

See, also, 193 Fed. 649, 113 C. C. A. 517.

Charles K. Offield, of Chicago, Ill., for the motion.
Russell Wiles, of Chicago, Ill., opposed.

Before BAKER and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. The tendered petition shows that in the District Court of the United States for the Northern District of Illinois the petitioner was the complainant and the respondent was the defendant in certain patent litigation; that by stipulation of the parties the defendant put into the record a printed copy of testimony and paper exhibits in another case, "to be used on final hearing with the same force and effect as if they were originally part of the record of this suit"; and that, a final decree on the merits having been rendered against the petitioner, the clerk of the court taxed as costs the reasonable amount paid by the respondent in obtaining said evidence from the other case.

Thereafter the petitioner made a motion for the retaxation of costs and attacked that particular item; and the court, having compared the fee bill with the statute, overruled the petitioner's motion. Section 983 R. S. (U. S. Comp. St. 1901, p. 706), which was considered by the court in passing upon the correctness of the fee bill, provides:

"The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by the judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause."

In its argument the petitioner is contending that the trial court wrongly construed and applied the statute in refusing to strike out the item in question. But this is not an appeal. An attack upon a judgment, through an application for writ of prohibition, is a collateral attack. For such an attack to prevail, it must appear that the judgment assailed is void for want of jurisdiction. In High's Extraordi-

nary Legal Remedies, par. 762, the nature of this writ is accurately stated:

"It is an original remedial writ, and is the remedy afforded by the common law to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law. The object of the writ being to restrain subordinate judicial tribunals of every kind from exceeding their jurisdiction, its use in all proper cases should be upheld and encouraged, since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined strictly to the exercise of those powers with which it has been by law intrusted."

The court had jurisdiction of the persons of the parties. They were the parties to the pending patent litigation and both were in court. On the motion to retax costs, this petitioner was the moving party; and the respondent appeared and contested the motion. The subject-matter of patent litigation is unquestionably within the jurisdiction of the court. That is, among the organic powers of the District Court is the power to hear patent cases. Costs in all cases are necessarily incidental matters, of which the court, having jurisdiction of the cases, likewise has jurisdiction. If, on the motion of petitioner to retax costs, the court had stricken out the item, it is hardly conceivable that the petitioner or any one else would contend that the court was without organic power to act in that matter and in that way. So it is evident that the petitioner's real complaint here is that the court erroneously decided the question submitted by the petitioner for decision. But, if a court has jurisdiction to decide a question correctly, its jurisdiction is just as impervious to collateral attack if it decides the question erroneously. A misconstruction or a misapplication of a statute or of the common law or of a rule of court does not make the judgment void. Van Fleet's Collateral Attack, §§ 65, 66, 67.

The motion for leave to file the petition is denied.