## CALDWELL v. TRAUB et al.

No. 24105.     April 23, 1935.

Howe, Head & Wheeling, for plaintiffs in error.

Priest & Belisle, for defendants in error.

PER CURIAM. The parties to this appeal will be referred to as they appeared in the trial court. The judgment in this case was rendered upon sustaining demurrer to amend petition of plaintiffs.

Plaintiffs instituted their action on July 31, 1931. The facts set forth in plaintiffs' pleadings are substantially to the following effect:

Plaintiffs were and for years had been operating a loan and collection business in Oklahoma City. During the two or three years next preceding the institution of this action, the plaintiffs had instituted a number of actions, some for money judgments and others for recovery of personal property in replevin, in the court of one J. Will Laws, then a justice of the peace in and for said city. During the pendency of such actions the defendant J. W. Rippey was constable for said court. At the time of filing said suits and when settling same, plaintiffs paid to said justice and said constable such fees as were by them demanded. In January, 1931, said Laws completed

his term as justice and was succeeded as such by the defendant Carl Traub, to whom there were surrendered all the books, records and files of the retiring justice.

Shortly after the change in personnel of the court, the defendant Rippey notified the plaintiffs that there remained unpaid divers judgments for costs entered in said cases, and that, unless same were paid forthwith, certain property and money in bank of plaintiffs would be levied on in aid of executions already issued. Plaintiffs were without actual knowledge of such costs judgments until so informed by said Rippey. Upon being thus informed, plaintiffs inspected the court records and discovered that the costs for which judgments had been rendered were in excess of the amounts authorized by law to an amount estimated to be from $75 to $100. At the same time, plaintiffs demanded of Traub and Rippey an itemized statement of the amounts purported to be due said Rippey, which demand was denied. The subsequent conduct of the parties, which we deem quite vital to the question here presented, is found in the following excerpt from plaintiffs' amended petition:

"V. These plaintiffs allege and state that in order to prevent a levy being made upon the property of these plaintiffs in aid of execution on said judgments for costs, that they deposited with the said Carl Traub a sum of money equal to the amount claimed to be due by the said J. W. Rippey, and that thereafter an informal hearing was had before the said Carl Traub to determine whether or not the amounts claimed to be due the said J. W. Rippey for constable fees, as aforesaid, was correct; that at the conclusion of said hearing, although the records which were introduced in evidence disclosed that the said judgments for costs in the various cases involved, exceeded the statutory amount as above alleged, the said Carl Traub ruled that all of said amounts claimed due and owing the said J. W. Rippey was correct, and indicated that he intended to pay same to the said J. W. Rippey out of the money deposited with him by these plaintiffs as aforesaid.

"VI. These plaintiffs further state that at their request the said Carl Traub agreed to withhold payment of said money to the said J. W. Rippey until such time as this matter could be brought to the district court of Oklahoma county for final determination."

Later in the petition, but with reference to such hearing, it is stated:

"* * * That the only records giving information concerning the constable fees charged in the various cases, the subject of

this controversy, shown to these plaintiffs, were the appearance docket or judgment rolls of the said J. Will Laws, which are now in the possession of the said Carl Traub; that the various processes that were issued out of the court of the said J. Will Laws which apparently gave right to these various constable fee charges, have, so these plaintiffs are informed, been mislaid by the said Carl Traub, and could not be found at the time the matter was informally heard by the said Carl Traub as above set out, and that these plaintiffs, although due demand was made for the same, have never been furnished or given itemized statement of the various charges for which judgment was taken against them. * * *"

The prayer of the petition is for permanent injunction against enforcement of such costs judgments; a refund of the amount deposited with the justice; that defendants be required to furnish statement of items constituting the basis of the judgments; that plaintiffs be permitted to show the amounts by them paid from time to time to said Rippey, and that, if same exceeds the amounts to which he was entitled by law, they be awarded judgment for the excess.

A temporary injunction was sought and granted pending trial.

The demurrer interposed by the defendants asserted three grounds: (1) That the facts alleged did not state a cause of action; (2) that it appeared plaintiff had an adequate remedy at law; and (3) that it appeared that the matters complained of had been finally adjudicated.

The only assignment of error is that the court committed error in sustaining the demurrer to plaintiffs' amended petition. Under this assignment, as stated in plaintiffs' brief, "the only question involved is, Does the amended petition state a cause of action against the defendants?"

Defendants in error, in their brief, in addition to urging the correctness of the judgment of the trial court for reasons set forth in the demurrer, raise a question of want of jurisdiction in this court to review the judgment upon the ground that the appeal was not lodged in this cause within 30 days, as provided by section 555, O. S. 1931, providing for appeals from orders "discharging or modifying an attachment or temporary injunction", citing in support of the proposition Earnest v. Seran et al., 117 Okla. 128, 245 P. 619, and Berry-Beal Dry Goods Co. v. Adams, 87 Okla. 291, 211 P. 79.

We will examine this proposition first. In the first cited case, the appeal was taken

from an order of court dissolving a temporary restraining order and refusing to grant a temporary injunction. In the second case, the appeal was from an order of court discharging a garnishment on motion previous to the trial of the cause. In each of these cases, the appeal was from an interlocutory order, while in the instant case the appeal is from the judgment of the court upon the merits of the action. The section quoted has no application to judgments and decrees determinative of issues upon trial of causes on their merits. The purpose of the section and its application, as this court now holds, is clearly expressed by the Supreme Court of Kansas, from which state said statute was adopted, as early as 1904, in the case of Shanks et al. v. Pearson, 70 Kan. 160, 78 P. 446. In the Kansas case, action was brought to permanently enjoin a road overseer from opening a ditch in front of plaintiff's premises. A temporary injunction was granted. Upon final hearing, same was dissolved and judgment rendered for defendant, from which plaintiff appealed.

Touching the question of jurisdiction raised upon ground the appeal was not lodged within time provided by said section, the court said as follows:

"* * * It is contended that this court cannot acquire jurisdiction to reverse a judgment vacating an injunction unless the proceeding is instituted in this court within 30 days from the date of the rendition of such judgment, as provided in section 5053, Gen. St. 1901. The provisions of that section have application only to proceedings to reverse interlocutory orders dissolving injunctions. They have no application to proceedings in error to reverse a final judgment in an injunction action."

The position of defendants in error on this proposition is not well taken, and the objection to jurisdiction is denied.

In support of their assignment of error, plaintiffs in their brief urge that the judgments for costs complained of were void for the reason the items included therein exceeded in amounts those prescribed by statute, which fact appeared upon the face of the record; that being without knowledge of the entry of such judgments for costs previous to the issuance of executions, they had no opportunity to appeal; that they sought to have the costs retaxed, but the justice, defendant Traub, "refused to take action thereon"; and for these reasons they had no adequate remedy at law and a court of equity should entertain their petition.

It is to be noted that no question is raised

as to the validity of the principal judgments on the issues tried, or that the justice was without jurisdiction to tax the costs in such cases; the complaint being that the amounts thereof were excessive.

The ascertainment of the amount of costs is not necessarily a condition precedent to a judgment carrying the same. The general rule is that the matter of taxing the costs is a ministerial duty and the determination of the amount of such costs does not become judicial until same has been presented as a question for determination by the court, usually in a summary proceeding after judgment rendered. In this jurisdiction clerks of courts of record have enjoined upon them by statute (O. S. 1931, section 524) the duty of taxing the costs and inserting in the judgment the amount thereof, their acts in this respect being subject to review by the court on motion of any person interested. Such review is the method prescribed by law to correct errors in taxing the costs, and the action of the court on such review is judicial and its decision is a final order affecting a substantial right and res judicata unless vacated, modified or reversed as provided by law (O. S. 1931, section 529). Such orders, when entered in justice of peace court or other tribunal inferior to district court, is there reviewable on appeal except where otherwise provided (O. S. 1931, section 527).

In the instant case, the actions in which the costs were taxed were for money judgments or replevin of personal property. As applied to such actions, it is ordained by statute that the prevailing party shall be entitled as a matter of course to his costs (O. S. 1931, sections 519 and 520). There is nothing in the record in this cause to indicate, nor is it contended, that the justice transcended this rule in his award of costs, even if the same were important, which is not declared. Such being true, the question presented is whether error in the amount of costs taxed renders judgment therefor void, and if void, whether there was not an adequate remedy at law. The judgment for costs in such instance is as a matter of law for such costs as may be properly taxed under the law. Error in the matter of taxing the costs, that is, determining the amount thereof, does not render void a judgment for costs which the court has jurisdiction to render. And such error can be made the basis of action only where, in the instance of first taxing or upon retaxing, the determination is judicial. In either of which cases, it would be error to be corrected as provided by law, the judgment in

neither case being void. (Wilcox v. Byington, 36 Kan. 212, 12 P. 826; Pope Mfg. Co. v. Arnold, Schwinn & Co., 208 F. 406.)

Whether in the instant case the act of the justice in taxing costs originally was judicial or ministerial, is of no moment here, because it is recognized in this jurisdiction that a justice of the peace may entertain a motion to retax costs, which method affords a remedy for error in taxing costs (Maggert v. Keele, 20 Okla. 681, 95 P. 466). The general rule is that action to retax costs should be had in the court where taxed (Linton v. Housh, 4 Kan. 535; 15 C. J. 185, and cases cited).

Hence the want of knowledge of the judgments for costs at the time of their rendition did not deprive the plaintiffs of opportunity for relief, because after the fact became known there was open to them the right to ask for a retaxing of the costs, and the right to an appeal from the action taken therein, which right appears to have been pursued to some extent, as indicated in foregoing excerpts from plaintiffs' petition.

In the Maggert-Keele Case, defendant after trial in justice court filed a motion to retax costs, which motion was entertained and costs retaxed, but not satisfactorily to the movant, and an appeal was taken. The appeal was not from the main judgment, but from the order made on retaxing the costs. The method of appeal pursued was that prescribed for appeals from main judgments by giving bond, and where trial de novo is to be had in the district court as provided in sections 5044 and 5045, Wilson's Rev. Stat. 1903 (O. S. 1931, sections 1018 and 1019). This court there held that the statutes relied on for the appeal did not provide the proper method therefor, for the reason the appeal in such cases was not from a final judgment upon the merits of the action, but from a final order as defined in section 4735, Wilson's Revised Statutes 1903 (O. S. 1931, section 529), which section was declared to be made applicable to procedure in justice of peace courts by section 5113 of said Wilson's Revised Statutes (O. S. 1931, section 845). The court further held that the right and method of appeal in such cases was afforded and prescribed by sections 5034, 5035, and 5036, said Wilson's Statutes (O. S. 1931, sections 981, 982 and 983), providing for the right to except to the ruling of the justice, and that the justice shall allow and sign, upon request, a bill of exceptions containing such exceptions, said sections providing what the bill of exceptions should contain.

The contention of plaintiffs in error that the defendant justice refused to take action upon their application to retax costs cannot be accepted as a fact not qualified by what occurred, as appears in the excerpts from plaintiffs' petition set forth above, wherein it appears that a hearing, though informal, was had, evidence introduced, and a ruling made. The fact that the ruling sustained the taxation of costs, as already made, does not deprive it of the judicial quality of a retaxing. Retaxing does not necessarily imply taxing differently.

Touching the question of informality of the hearing, it might be remarked there is nothing in the record to indicate that the justice refused to comply with any duty incumbent upon him to afford the plaintiffs in error a record to be used as basis for appeal. We quote the following from the Maggert-Keele Case, supra:

"Sections 5034, 5035, and 5036 of said statutes of Oklahoma provide that in all cases which shall be tried by a jury or before a justice of the peace, without a jury, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause, and that the justice shall allow and sign, upon request from either party, a bill of exceptions containing such exceptions, and it is provided by said sections what said bill of exceptions shall contain."

The situation of the plaintiffs in the instant case is strikingly similar to one that arose in a Kansas case, the doctrine of which was applied by this court in the Maggert-Keele Case, supra. We quote as follows:

"In the case of Board of Commissioners of Wilson County v. Thomas McIntosh et al., 30 Kan. 234, 1 P. 572, plaintiffs had commenced two actions to have certain tracts of land subjected to sale for taxes, penalties, and cost. After judgment and sale in such actions, the sheriff claimed and appropriated certain of the money received as his cost. The plaintiff filed a motion in each action to have the cost retaxed, which motions were overruled, but no effort was made on the part of the plaintiffs to have the action of the court overruling the same reviewed, but they instituted an independent action against the defendant for the amount. Defendant pleaded that the order of the court overruling the motion to retax the cost was res judicata in the independent action. Mr. Justice Brewer, who delivered the opinion of the court sustaining the contention of defendant, speaking of the effect of said motions to retax the costs and of the action of the court thereon, said: 'Again, the decision of the motion was an

order affecting a substantial right made upon a summary application in an action after judgment, and therefore a final order and subject to review in this court.' By this decision an order of the court upon a motion to retax the cost in an action after judgment is brought within the language of section 4735, supra, defining 'final order,' as used in the article on Civil Procedure of Wilson's Revised Statutes of Oklahoma, and is not an order from which an appeal would lie and a trial de novo be had in the district court on such appeal, but is one which could be reviewed by the district court upon a petition in error."

There is nothing in the record to indicate, much less show, that the plaintiffs could not have had on appeal any relief to which they were entitled.

The failure to furnish itemized statements of bases of costs or indorse upon the process amounts of fees for service as provided in sections 1053, 1056, O. S. 1931, as urged, in no wise affected plaintiff's right to pursue the remedy for correction herein indicated. In fact, inasmuch as, according to plaintiff's statement, the record introduced at the hearing showed the costs to be in excess of that allowed by law, it might be there, would be shifted to the one claiming the right to the costs the burden of establishing the correct amount thereof (Brande v. A. L. Babcock Hardware Co. [Mont.] 88 P. 949).

In view of the conclusions we have reached we deem it unnecessary to discuss in detail the cases cited and relied on by plaintiffs further than to say these cases deal with judgments that are void and those obtained by fraud and there is no opportunity for appeal, and cases where it would be inequitable and unconscionable to permit the enforcement of a valid judgment against which there existed a complete equitable defense not available at law.

The applicable doctrine in the instant case is expressed in syllabus paragraphs Nos. 2 and 3 of the case of Harris et al v. Smiley, 36 Okla. 89, 128 P. 276, as follows:

"2. A petition for an injunction, in order to warrant the issuance of the writ, must contain all the necessary allegations showing plaintiff to be entitled to the relief sought; and it will not be good as against a general demurrer, unless it shows that plaintiff has pursued and exhausted all legal remedies he may have, or show that they are inadequate to give the plain and speedy relief to which he is entitled.

"3. If it appears from the petition that plaintiff has a plain, speedy, and adequate remedy at law, equity will not grant him relief by injunction."

The plaintiffs, having had an adequate remedy at law that was not pursued, are not entitled to maintain this action.

The district court properly sustained the demurrer to the petition, and its judgment for defendants is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. E. Thrift, Kenneth H. Lott, and C. J. Davenport in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Thrift, and approved by Mr. Lott and Mr. Davenport, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.