### KALEEL v. WILSON.

No. 26942.   February 16, 1937.

Rehearing Denied March 23, 1937.

Application for Leave to File Second Petition for Rehearing Denied April 27, 1937.

Fred A. Wagoner and Edward S. Cooper, for plaintiff in error.

Don Anderson, for defendant in error.

RILEY, J. This action originated in the justice of the peace court. The action was brought by Lucille Wilson to recover the sum of $19.95, the alleged value of certain personal property, claimed to have been lost or stolen as a result of the carelessness and negligence of said defendant while in the possession of defendant Kaleel.

Judgment in the justice of the peace court was for plaintiff in the sum of $15. Defendant undertook to appeal by petition in error and bill of exceptions to the court of common pleas of Oklahoma county.

The purported bill of exceptions was not signed by the justice of the peace. Motion to dismiss the appeal was filed by Lucille Wilson, defendant in error in the court of common pleas. This motion was overruled. The cause was heard on the purported bill of exceptions, and the judgment was affirmed, and Kaleel appeals.

The court of common pleas was without jurisdiction. There is an affidavit in the record to the effect that the justice of the peace declined to sign the bill of exceptions presented to him for the reason that it was not correct, and if the facts had been as stated therein, his judgment would have been for defendant. It was presented to attorney for plaintiff and signed over his "OK."

Sections 981 and 982, O. S. 1931, provide for bills of exception in cases tried before a justice of the peace. Both sections require that the bill be signed by the justice. By section 982, it must be signed within ten days from the day on which the judgment was given in the action and not thereafter. A bill of exceptions signed by a justice of the peace after the expiration of the ten days is a nullity. Muskogee Elec. Traction Co. v. Watterson, 92 Okla. 182, 218 P. 796.

It follows that a bill not signed by such justice is a nullity. If the party presenting a bill of exceptions to a justice of the peace contends it is correct and the justice refuses to sign because he contends it is not correct, the remedy is by mandamus.

The court of common pleas being without jurisdiction, this court is without power to consider the matter sought to be reviewed. The appeal must be, and is, dismissed.

BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.