## VERNOR v. CARROLL.

No. 27763.   Feb. 1, 1938.

A. C. Brewster, for plaintiff in error.

R. A. Wilkerson, for defendant in error.

WELCH, J. The defendant in error, Clem Carroll, obtained a judgment against one Schubert in a justice of the peace court in Mayes county. Thereafter a writ of execution was issued and a levy made upon a certain automobile. The plaintiff in error. Mrs. Earl Vernor, filed a motion to quash the levy for the reason that she had a mortgage covering said automobile. After a hearing, at which both parties appeared, the justice court denied the motion. Within ten days thereafter the plaintiff in error filed in the district court an instrument designated a bill of exceptions containing all the pleadings that had been filed before the justice court, and containing the following recitation, preceding the certificate of the justice of the peace:

"* * * And the court being sufficiently advised on the premises denies said motion and rules that the said Mrs. Earl Vernor is not entitled to have the levy of said execution on said car quashed and set aside, to which decision, finding, and ruling of said court the said Mrs. Earl Vernor at the time excepted and in open court gives notice of her intention to appeal from the decision and ruling of said court by bill of exceptions.

"Wherefore, Mrs. Earl Vernor desired to have reviewed and passed upon her motion to quash and set aside the levy of said execution upon said car and that upon such hearing the said motion be sustained."

The district court sustained a motion to dismiss the proceedings. Plaintiff in error filed a pleading designated "Amended Bill of Exceptions and Petition in Error," subsequent to defendant in error's motion to dismiss.

In this appeal plaintiff in error contends that the district court erred in refusing to review the proceedings from the justice court and in striking his amended bill of exceptions and petition in error.

A review of the judgment of the justice court was sought under the provisions of sections 981, 982, 983, O. S. 1931. Said sections read as follows:

"981. In all cases which shall be tried by a jury before a justice of the peace, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to allow and sign a bill containing such exception, if truly alleged, with the point decided, so that the same may be made part of the record of the cause."

"982. Bills of exception may be made and signed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice. and such bill may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter."

"983. In all bills of exception it shall be competent for the party preparing the same to set out the pleadings, motions and decisions of the justice of the peace thereon; and the whole of the evidence given or so much as may be necessary to preserve the point or points raised and decided on the trial and the rulings and decisions of the court and exceptions made thereto on the trial."

The plaintiff in error's motion filed in justice court to vacate the levy of the execution raised issues of fact and of law. Although the bill of exceptions recites that the justice court overruled the motion and plaintiff in error excepted thereto, it does not reveal whether such ruling was based on a finding of fact or a conclusion of law. The mode of review provided by the foregoing sections of the statutes provides for a review of questions of law only, and under said sections the district court could not review questions of fact lying within the discretion of the justice court. The bill of exceptions must show clearly and distinctly that the ruling excepted to was upon a point of law and not upon a question of fact, nor upon a question in which law and fact were so blended as to render it impossible

to tell on which the adverse ruling was based. No proper bill of exceptions having been filed, the district court did not err in dismissing the proceeding.

The record discloses that plaintiff in error's amended bill of exceptions was not signed by the justice of the peace. It was signed by the party and is more in the nature of a petition in error, though designated as an amended bill of exceptions and petition in error. In any event, however, it does not remedy the defects above noticed and cannot change our conclusion that no proper bill of exception has been filed. The appeal, therefore, should have been dismissed, and the action of the district court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON and HURST, JJ., concur.