PHILLIPS et al. v. CLEVELAND.

No. 29534.   Oct. 1, 1940.

*105 P. 2d 1065.*

W. R. Wheeler and Bryan Phillips, both of Anadarko, for plaintiffs in error.

C. Ross Hume and Pruett & Wamsley, both of Anadarko, for defendant in error.

PER CURIAM. This is an appeal from an order of the district court dismissing an appeal by bill of exceptions from a justice court.

Mrs. C. A. Cleveland, defendant in error, hereinafter referred to as plaintiff, filed a complaint in forcible entry and detainer against Bryan Phillips and his wife, plaintiffs in error, hereinafter referred to as defendants. At the conclusion of a trial in the justice court on September 23, 1938, judgment was entered for the plaintiff against the defendants.

Thereafter on the 26th day of September, 1938, the defendants prepared and filed with the justice of the peace a bill of exceptions and attached thereto, as exhibits A to K, the proceedings before the justice of the peace, and on the same date the justice of the peace entered the following certification:

"I, B. W. McFadyen, justice of the peace herein, hereby certify that the cause in all its proceedings, as entitled and set out in the foregoing records, was tried before me as such justice of the peace, and that the foregoing record is a true bill of exceptions in this case, and I hereby certify the same and file it as such bill of exceptions in the above styled and numbered case.

"Witness my hand this 26th day of September, 1938, and filed before me on this date.

"W. B. McFadyen, Justice of the Peace in and for Anadarko city Dist. No. 7, Caddo County, Oklahoma. O. K. C. Ross Hume, attorney for plaintiff."

Thereafter said bill of exceptions, together with a petition in error, was filed

**52**

in the district court on March 20, 1939. The trial court dismissed the case holding that the appeal had not been properly perfected.

We are of the opinion, and hold, that the trial court erred in this ruling. One of the errors presented in the petition in error is the overruling of the demurrer to the first cause of action in the complaint, and the exception is shown as allowed in the bill of exceptions. The provisions for appeal by bill of exceptions are contained in sections 982, 983, O. S. 1931, 39 Okla. St. Ann. §§ 215, 216.

In Winter v. Shutter, 42 Kan. 544, 22 P. 564, it is stated that the word "competent" means sufficient. A review of a justice court judgment on a question of law may be presented by bill of exceptions. Chicago, R. I. & P. R. Co. v. Locke, 69 Okla. 283, 172 P. 52. The method of review has been discussed and approved in Kaleel v. Wilson, 179 Okla. 632, 67 P. 2d 795; Wilkes v. Silverthorne, 181 Okla. 572, 75 P. 2d 428; Vernor v. Carroll, 182 Okla. 4, 75 P. 2d 1099; Caldwell v. Traub, 172 Okla. 12, 43 P. 2d 1047.

The defendants presented their bill of exceptions and attached thereto, incorporated therein, and made a part thereof as exhibits A to K, all of the proceedings in the justice court. This is the direct and explicit provision of section 983, supra. Section 982, supra, states that the same may be signed by the justice of the peace at any time within ten days after the judgment rendered. The bill of exceptions was signed by the justice of peace on September 26, 1938, within three days after the judgment was entered.

The cause is reversed and remanded, with directions to vacate the order of dismissal and proceed in accordance with the views herein expressed.

Reversed and remanded, with directions.

RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.