JOHNSON et al. v. FISHER.

No. 30022.    Oct. 7, 1941.

*117 P. 2d 769.*

David C. Shapard, of Oklahoma City, for plaintiffs in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

PER CURIAM. This case involves an appeal from an order dismissing an appeal by transcript from a judgment rendered by the justice of the peace, Oklahoma City district, Howard Boyer, in an action brought by the plaintiff, Clayton Fisher, against the defendants, Hurlin Johnson, Charles I. Codding, and others, for damages caused by wrecking of an automobile left in a parking lot of the defendant Charles I. Codding. The judgment was for $92.68. There was an appeal by transcript to the district court and a removal to the court of common pleas, where it was disposed of before the Honorable Carl Traub on the 15th day of March, 1940, when he sustained the plaintiff's motion to dismiss.

The defendants have appealed from the order and judgment of dismissal. They present six assignments of error, which are argued in two general propositions: (1) That the court erred as a matter of law in entering judgment for the plaintiff over the demurrer to the evidence, since there was no evidence which justified a judgment for the plaintiff; (2) the court erred in dismissing the appeal. We are of the opinion that the second proposition is the only one necessary to consider under the circumstances of the case at bar. The case was tried in the justice court on January 27, 1940. On February 5, 1940, the justice of the peace, Howard M. Boyer, allowed and signed a bill of exceptions including the evidence introduced in the trial in the justice court, and on the 6th day of February, 1940, the transcript was filed in the district court. On February 29, 1940, the plaintiff filed a motion to dismiss for the reason that the purported appeal "taken in the case is not had or done in conformity with the law." The cause was then transferred to the court of common pleas, and on the 15th day of March, 1940, the trial court sustained the motion.

Sections 982 and 983, O. S. 1931, 39 Okla. St. Ann. §§ 215 and 216, provide a full and complete method of appeal by transcript and provide that the appellant may transcribe the testimony as a part of the bill of exceptions. Under these sections there is afforded to the appellant a full and complete remedy of appeal by transcript. Phillips v. Cleveland, 188 Okla. 51, 105 P. 2d 1065; Caldwell v. Traub, 172 Okla. 12, 43 P. 2d 1047; Vernor v. Carroll, 182 Okla. 4, 75 P. 2d 1099; McKay v. Hill, 178 Okla. 543, 63 P. 2d 715.

Under the provisions of said sections, when the appeal is taken in substantial compliance therewith, it is error to dismiss the appeal (Phillips v. Cleveland, supra); but the court should dispose of the same under section 1026, O. S. 1931, 12 Okla. St. Ann. § 981, by affirming, or section 1027, O. S. 1931, 12 Okla. St. Ann. § 982, by reversing as provided therein (McKay v. Hill, supra). This was not done in the case at bar, and the refusal to comply with the above sections was reversible error.

Plaintiff alleges that the court did consider the appeal on the merits. The case cannot be disposed of on its merits on a motion to dismiss. Bancroft's Code Practice, vol. 9, p. 944, § 7149; Webb v. Vaden, 75 Okla. 288, 183 P. 480; State ex rel. Morrison v. City of Muskogee, 70 Okla. 19, 172 P. 796; Case v. Hannahs, 2 Kan. 490; Hibernia Savings & Loan Soc. v. Doran, 161 Cal. 118, 118 P. 526; Smith v. Clyne, 15 Idaho, 254, 97 P. 40. The suggestion, therefore, of the plaintiff that the case was disposed of under section 1026, supra, by the affirmance of the judgment cannot be sustained. We conclude that the court erred in refusing to dispose of the cause under the provisions of sections 1026 and 1027, supra, and the cause is reversed and remanded, with directions to proceed in accordance with the views herein expressed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent.