No. 37,118

ASSOCIATED RAILWAY EQUIPMENT OWNERS et al., *Appellants*, v. WALTER E. WILSON, State Treasurer of the State of Kansas (Richard T. Fadely substituted), STATE COMMISSION OF REVENUE AND TAXATION et al., *Appellees.*

(193 P. 2d 250)

Opinion filed May 8, 1948.

*Lester M. Goodell, Margaret McGurnaghan, George M. Brewster, Randal C. Harvey,* all of Topeka, and *Leon S. Hirsh,* of St. Louis, Mo., were on the briefs for the appellants.

*Edward F. Arn,* attorney general, *Mason Mahin, Paul Edgar,* both of Topeka, and *James D. Dye,* of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is a motion to dismiss an appeal.

The merits of the cause are not now involved but a brief factual statement will facilitate disposition of the issue raised by the motion.

Appellants, who are private car companies, brought this action against the state commission of revenue and taxation and the state treasurer. In their amended petition they alleged it was instituted under the authority of G. S. 1935, 60-1121, authorizing injunction proceedings to enjoin the assessment or collection of illegal taxes and under G. S. 1935, 60-3127 to 60-3132, incl. (Laws 1921, ch. 168), permitting, among other things, the institution of actions for the purpose of obtaining a declaratory judgment in controversies involving the interpretation and construction of statutes.

Because of the limited issue no useful purpose will be served by a detailed statement of what is to be found in the lengthy pleadings

of the respective parties. Broadly stated it suffices to say: (1) The amended petition charged that the statute (G. S. 1943 Supp. 79-901 to 79-948, incl., now G. S. 1947 Supp. 79-901 to 79-918, incl.), relating to the assessment and taxation of private car companies and the owners of such cars, under which the state commission of revenue and taxation was seeking to assess and impose or had assessed and imposed taxes upon appellants' property for the calendar years 1943 and 1944, was invalid and void for the reason it violated rights guaranteed appellants by certain provisions, naming them, of the constitution of the United States and the constitution of the state of Kansas; (2) the appellees' answers admitted assessment and imposition or intention to assess or impose taxes for the calendar years in question under the statute, as charged in the amended petition, and denied that such statute was illegal and void by virtue of provisions of either the federal or state constitutions.

At this point it should be noted that at the time of the filing of the original petition, later amended, the appellants sought and obtained what was apparently an *ex parte* order restraining the commission from giving force and effect to an order denying a refund of taxes alleged to have been illegally assessed under the provisions of the involved statute, and the state treasurer from transferring taxes, already collected from appellants and paid under protest, to the general revenue fund of the state as authorized by G. S. 1943 Supp. 79-917.

With issues joined, as heretofore related, the cause came on for trial to the district court. After appellants adduced their evidence the trial judge sustained a demurrer to such evidence and rendered judgment dismissing the case at appellants' cost, holding they had failed to prove a cause of action in injunction and declaratory judgment against the persons of the defendants or either of them and failed to disclose that the court had jurisdiction to render a judgment in injunction or under the declaratory judgment statute. While the journal entry does not so state, it is interesting to note, the record discloses that the district judge in sustaining the demurrer expressly held the statute in question was constitutional. More than ten days after the rendition of such judgment, but within the time provided by statute (G. S. 1947 Supp. 60-3309) for the taking of appeals generally, the appellants perfected this appeal. Thereafter appellees filed the motion in question which reads:

"Come now the appellees in the above-entitled cause and move the Court for an order dismissing the appeal in the above-entitled case for the reason that such appeal is from a judgment discharging a temporary injunction and that no application was presented to the District Court of Shawnee County, Kansas, or order issued fixing the time not exceeding ten days within which the appeal in said cause could be perfected and that said appeal was not taken within the time limit as prescribed by Section 60-3331, G. S. 1935."

Appellees in support of their motion to dismiss the appeal insist that the *ex parte* restraining order issued at the outset of the action was actually a restraining order, and that the effect of the judgment was to dissolve such injunction. They then point out that under the provisions of G. S. 1935, 60-3331, and our decisions construing their force and effect, parties desiring to appeal from an order discharging or modifying an attachment or temporary injunction must make application to and procure an order from the court rendering such judgment, fixing the time, not exceeding ten days from the discharge or modification of such attachment or injunction, within which an appeal shall be perfected and that otherwise no appeal lies from such an order.

It is admitted appellants made no attempt to comply with the section of the statute just mentioned. Conceding, without deciding, the *ex parte* order was tantamount to an injunction and that failure to comply with such section is, under its provisions and our decisions, ground for dismissal of an appeal from an order discharging or modifying a temporary injunction, the appellees' position is not well taken.

This is an action, as has been heretofore indicated, the primary purpose of which was to test the constitutionality of a statute authorizing the assessment of property owned by private car-line companies for taxation purposes. True enough, there was coupled with it a claim for injunctive relief but it is apparent that claim was ancillary to the main action. Appellants' notice of appeal recites that they appeal from the entire judgment, including all other orders and rulings made by the district court adverse to them. Therefore the scope of the appeal is far broader than appellees contend. Of a certainty it includes rulings of the trial court, necessarily inherent in its judgment, that the challenged statute was constitutional and that the action of the commission in assessing and imposing taxes upon the appellants' property under and by virtue of its terms was valid and legal.

In such a situation, without more, we think appellants are entitled to maintain their appeal. In this jurisdiction a litigant may appeal from part of a judgment (G. S. 1935, 60-3306), and failure to appeal from all rulings adverse to him does not deprive him of the right of appellate review on questions from which his appeal has been properly effected (see *Gamer v. Piper*, 125 Kan. 395, 264 Pac. 1071). But that is not all. G. S. 1935, 60-3331, on which appellees' rely as requiring the sustaining of their motion to dismiss, is no new statutory enactment. Except for immaterial phraseology and the fact it now limits the time within which an appeal shall be perfected from an order discharging or modifying an attachment or temporary injunction to ten days instead of thirty days this section has been a part of the code of civil procedure of this state since 1868 (see G. S. 1868, ch. 80, art. 22, sec. 567, also, G. S. 1901, sec. 5053).

Long ago, in disposing of a similar contention, in *Shanks v. Pearson*, 70 Kan. 160, 78 Pac. 446, to which we adhere, we held:

"The provisions of section 5053, General Statutes of 1901, have application only to proceedings to reverse interlocutory orders discharging, or modifying, an attachment of temporary injunction." (Syl. ¶ 1.)

And said:

"The defendant in error challenges the jurisdiction of this court on the ground that the proceeding in error was not commenced within thirty days after the final judgment dissolving the temporary injunction. General pleadings were filed by both parties, the cause tried on its merits, and judgment rendered dissolving the temporary injunction, and for costs. It is contended that this court cannot acquire jurisdiction to reverse a judgment vacating an injunction, unless the proceeding be instituted in this court within thirty days from the date of the rendition of such judgment, as provided in section 5053, General Statutes of 1901. The provisions of that section have application only to proceedings to reverse interlocutory orders dissolving injunctions. They have no application to proceedings in error to reverse a final judgment in an injunction suit." (p. 161.)

To the same effect, although dealing with orders pertaining to attachment instead of injunction, is *Miller v. Dixon*, 2 Kan. App. 445, 448, 42 Pac. 1014, where it was said:

"The attachment proceeding being ancillary to the main action, any order made with reference to the attached property does not affect the progress of the case upon the merits." (p. 448.)

The motion to dismiss the appeal is denied.

HARVEY, C. J., not participating.