Fred EVANS, Plaintiff in Error,

v.

Roy H. BALL, Defendant in Error.

No. 37959.

Supreme Court of Oklahoma.

June 10, 1958.

Rehearing Denied Sept. 30, 1958.

Application for Leave to File Second Petition for Rehearing Denied Oct. 28, 1958.

Tom J. Lee, Oklahoma City, for plaintiff in error.

Clay M. Roper, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

In this case it appears that on February 1, 1957, Fred Evans rented an apartment from Roy H. Ball on oral agreement on a month to month basis for which he agreed to pay

a rental of $50 per month on the first day of each and every month in advance.

Evans remained in the apartment as Ball's tenant until May 1, 1957. In the meantime some controversy arose between the parties relative to some trash which had accumulated on the premises. Evans claimed that Ball told him to have the trash removed and deduct the cost thereof from the next rental payment. This agreement was denied by Ball and on the 1st day of May, 1957, Evans tendered to Ball $47 rent for the month of May, 1957, deducting from the regular rental the sum of $3 paid by him for hauling the trash, which Ball refused to accept and demanded payment of the full amount of $50 which Evans refused to pay and told Ball that he would move from the premises.

On the same day Ball served a thirty day written notice on Evans terminating the tenancy and demanding that he quit and deliver possession of the premises to him on or about the 1st day of June, 1957. Evans then, in obedience to this notice, started moving from the premises and had completely vacated the same at 10:50 P. M., May 1, 1957.

On May 2, 1957, Ball brought suit against Evans in the Justice of the Peace Court of Luther Smith, in Warr Acres, Oklahoma County, for the sum of $50 for rent for the month of May, 1957. The action was brought on the theory that, since Evans, the tenant, had moved from the premises without giving Ball thirty days' written notice of his intention to do so, he became liable for one month's rent. The case is predicated on Tit. 41 O.S.1951 sec. 4, which provides:

"Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another, of three months or less; but where in any case rent is reserved, payable at intervals of less than thirty days, the length of notice need not be greater than such interval between the days of payment."

The case was thereafter transferred by change of venue to the Justice of the Peace Court of Anna Belle Wright, Justice of the Peace, Rural District No. 3, Oklahoma County.

Upon the filing of the suit, and prior to the hearing thereof, Ball rented the premises for the remainder of the month of May, 1957, for the sum of $33. He then amended his bill of particulars so alleging and prayed for judgment against Evans for the sum of $17. On June 4, 1957, the case was heard without a jury, before Justice of the Peace, Anna Belle Wright, who, at the close of the evidence, in her journal entry of judgment, found the facts as above stated, and further found that since Ball, on May 1, 1957, served written notice on defendant Evans to vacate and quit the premises on or before June 1, 1957, and since defendant Evans in obedience to said notice vacated the premises during the same day, plaintiff Ball could not recover rent against him for the month of May, although Evans left the premises without giving the thirty day notice to terminate the tenancy; and entered judgment in favor of defendant Evans.

Plaintiff Ball appealed from the judgment of the Justice of the Peace Court to the District Court of Oklahoma County, Oklahoma, by way of petition in error and bill of exceptions as authorized by Tit. 39 O.S.1951 Sections 214 and 215, and our decision in Faust v. Fenton, 65 Okl. 243, 166 P. 731.

The District Court thereafter transferred the case to the Court of Common Pleas of Oklahoma County for trial. Before the trial commenced, defendant filed a motion in that court to dismiss the appeal because of alleged insufficiency of the bill of exceptions to confer jurisdiction upon the court to hear the appeal. The Court overruled the motion, to which defendant Evans excepted, and on final hearing reversed the judgment of the Justice of the Peace and assessed accrued costs against defendant Evans and retained the cause for hearing on its merits as required by Tit. 12 O.S. 1951 sec. 982.

In his present appeal to this court defendant Evans assigns these rulings as error. His first contention is that the bill

of exceptions is insufficient to confer jurisdiction upon the Court of Common Pleas to hear and determine the case; that it does not in its makeup comply with the statute. Tit. 39 O.S.1951 sec. 216.

The bill of exceptions was prepared, signed and presented by Ball's attorney, Clay Roper, to the Justice of the Peace as a true and correct bill of exceptions for her signature and approval. The Justice of the Peace then signed and approved it as a bill of exceptions and certified that it contained all the pleadings filed in the case, all the record and proceedings had at the trial thereof and exceptions thereto and the judgment rendered by the Justice of the Peace, and certified the same as a true and correct bill of exceptions, and ordered that it be made a part of the record in the case.

The bill contains all of the pleadings and files in the case, refers to the judgment rendered by the Justice of the Peace, marked Exhibit H, and makes the same a part of the bill; refers to a summary of the evidence offered before the Justice of the Peace and makes the same by reference, and marked Exhibit J, a part of the bill. It contains the following further recitations:

"And that thereafter, Be it further remembered that the Plaintiff excepted to adverse ruling of the Court and to the rendition of judgment; and that notice was given of Plaintiff's intention to appeal to the District Court of Oklahoma County, Oklahoma."

Exhibit J, above referred to, contains the notice served by plaintiff Ball upon defendant Evans to vacate and quit the premises; also contains in substance, in narrative form, all of the evidence offered before the Justice of the Peace.

Exhibit H contains the journal entry of judgment rendered by the Justice of the Peace who therein, after making several findings of fact, makes the further additional finding:

"The Court further finds that said Defendant having vacated said premises on the 1st day of May, 1957, after said notice was served upon said Defendant, that said Defendant did not owe to the plaintiff any rental for the month of May, 1957; to which finding the Plaintiff was given an exception by the court; and the Court further finds that since the Plaintiff gave a written notice to move on or before June 1, 1957, and the Defendant having given to the Plaintiff oral notice (at the same time of receiving said written notice from Plaintiff) that he was moving on the night of the 1st day of May, 1957, terminated said tenancy without the 30 days written notice required under the Landlord and Tenant Statute; and that said Defendant did not owe the Plaintiff any rent for the month of May, 1957; to which ruling of the Court, the Plaintiff asked and was given an exception."

■ After carefully examining the bill of exceptions, we conclude that it substantially complies in its makeup with the Statute, Tit. 39 O.S.1951 sec. 216, and is sufficient to confer jurisdiction on the Court of Common Pleas to entertain and hear the case. Johnson v. Fisher, 189 Okl. 424, 117 P.2d 769. The trial court was correct in overruling defendant's motion to dismiss the appeal.

■ Defendant further contends that the trial court erred in reversing the judgment of the Justice of the Peace. It is his contention that the judgment was apparently reversed on the theory that the Justice of the Peace erred in holding that since plaintiff Ball served notice on defendant Evans to vacate and quit the premises on or before June 1, 1957, the tenant owed him nothing for rent for the month of May, although he vacated the premises without giving written notice to terminate the tenancy. We think, under the record in this case, and upon review of the briefs filed by the parties, that this contention is correct, and such is the theory upon which the Court of Common Pleas reversed the judgment of the Justice of the Peace. In so doing we think it committed error. Since plaintiff Ball, on May 1, 1957, served writ-

ten notice on defendant Evans requiring him to vacate and deliver up the premises on or before June 1, 1957, and since Evans, in obedience to said notice, did vacate and move from the premises the night of May 1, 1957, plaintiff cannot recover rent for the month of May against defendant although he vacated the premises without terminating the tenancy.

We conclude that the Justice of the Peace ruled correctly in rendering judgment in favor of defendant and that the Court of Common Pleas erred in reversing the same.

Judgment reversed and cause remanded with directions to the Court of Common Pleas to affirm the judgment of the Justice of the Peace Court.

CORN, V. C. J., and DAVISON, HALLEY and JACKSON, JJ., concur.

WELCH, C. J., and JOHNSON and WILLIAMS, JJ., dissent.